**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRELL ANDERSON,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-2319** |
| **CHAD LEE, WARDEN,**<br>     **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion for out of time appeal[1] and a supplemental motion for out of time appeal[2] filed by Petitioner Terrell Anderson. For the following reasons the motions are **DENIED**.

## BACKGROUND

Petitioner Terrell Anderson is a state prisoner who was convicted under Louisiana law of armed robbery.[3] On February 11, 2009, he was sentenced to a term of twenty-five years imprisonment.[4] After exhausting his state-court remedies, Petitioner filed an application for a writ of habeas corpus in federal court.[5] On August 29, 2014, the Court entered an order dismissing Petitioner's application as untimely,[6] entered judgment on that order,[7] and denied Petitioner a certificate of appealability.[8] Petitioner now seeks an out-of-time appeal of the Court's August 29, 2014, judgment.[9]

---

[1] R. Doc. 31.
[2] R. Doc. 32.
[3] R. Doc 1, at 1.
[4] *Id.*
[5] *Id.* at 1–5.
[6] R. Doc. 28.
[7] R. Doc. 29.
[8] R. Doc 30.
[9] R Doc. 31; R. Doc. 32.

## LEGAL STANDARD

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), "[i]n a habeas corpus proceeding . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c). . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue it." This request may either be explicit or if no express request for a certificate is filed, a "notice of appeal constitutes a request addressed to the judges of the court of appeals."[10]

As for timing, under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." This time limit is jurisdictional.[11] It may be extended, however, under the following two exceptions.[12] First, Federal Rule of Appellate Procedure 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Second, Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

---

[10] FED. R. APP. P. 22(B)(2).

[11] *Holley v. Capps*, 468 F.2d 1366, 1367 (5th Cir. 1972).

[12] *Resendiz v. Dretke*, 452 F.3d 356, 358 (5th Cir. 2006) ("This Court has explained that Rule 4 has two avenues 'for rescuing [an] appeal through a late-filed notice of appeal.' These two avenues are set forth in Rule 4(a)(5)-(6) . . . ." (quoting *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001)).

## LAW AND ANALYSIS

Petitioner is requesting the Court allow him to file a notice of appeal on a judgment that is more than five years old. Further, Petitioner does not allege, nor does the Court have reason to believe, he received late notice of the judgment he seeks to appeal. For those reasons, Petitioner's request does not satisfy either exception to the 30-day limit for filing a notice of appeal.

Rule 4(a)(5) makes clear a district court is empowered to extend the time for filing a notice of appeal only when the motion seeking extension is filed no later than 30 days after expiration of the original 30 days specified in Rule 4(a)(1)(A), or in other words, no later than 60 days after entry of the order or judgment from which appeal is sought.[13] As the Fifth Circuit has laid out, only if this threshold showing is met "can the district court even consider whether either of [Rule 4(a)(5)'s] two exclusive grounds for granting such an extension—excusable neglect or good cause—has been demonstrated."[14]

As stated, Petitioner is requesting an extension to file his notice of appeal more than five years after the judgment to be appealed was entered. This is well beyond the 60-day window available under Rule 4(a)(5). As a result, the Court finds Petitioner cannot file an out-of-time appeal pursuant to Rule 4(a)(5). "Thus, the only potential avenue of relief remaining is pursuant to Rule 4(a)(6)."[15]

Rule 4(a)(6) is the "exclusive authority for the district court to order the reopening of an otherwise expired and no longer extendable time for filing an [notice of appeal]."[16] Subpart (A) is the "gatekeeper provision" of Rule 4(a)(6), and it specifies that only a party

---

[13] *Wilkens*, 238 F.3d at 330.
[14] *Id.*
[15] *Resendiz*, 452 F.3d at 359.
[16] *Wilkens*, 238 F.3d at 331.

who did not receive notice under Federal Rule of Civil Procedure 77(d)[17] of the judgment to be appealed within 21 days after entry of judgment is eligible to file a motion to reopen.[18]

Petitioner's request for an out-of-time appeal is based on allegations he did not have access to legal assistance or a law library, was placed on lockdown at various points of his incarceration, and lost his legal documents.[19] Petitioner does not argue he received late notice of the judgment he seeks to appeal, and the Court has no reason to believe he received such late notice. Accordingly, Petitioner's request does not satisfy the requirements of Rule 4(a)(6)(A), and the Court cannot use Rule 4(a)(6) to grant him an out-of-time appeal.

Because Petitioner's request does not satisfy either exception to the 30-day limit for filing a notice of appeal, Petitioner cannot file a late notice of appeal.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Petitioner's motion for out of time appeal[20] and supplemental motion for out of time appeal[21] are **DENIED**.

**New Orleans, Louisiana, this 1st day of October, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] FED. R. CIV. P. 77(d) ("(d) Serving Notice of an Order or Judgment. (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b). (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).").

[18] *See Wilkens*, 238 F.3d at 331 (construing similar language in a prior version of Rule 4(a)(6)).

[19] R. Doc. 31.

[20] *Id.*

[21] R. Doc. 32.